UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHAD JOHNSON, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:04CV01266ERW |
| ) | |
| BOARD OF POLICE COMMISSIONERS: ) | |
| JO ANN FREEMAN, et. al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant St. Louis Board of Police Commissioners' Motion to Dissolve or Modify Restraining Order [doc. #80][1] and Plaintiffs' Motion for Leave to File Amended Complaint and for Joinder of Additional Parties [doc. #81]. A hearing took place on August 3, 2005, during which the Court heard arguments from the parties on the Motions.

**I.      Motion to Dissolve or Modify Restraining Order**

Defendant Board of Police Commissioners ("Defendant Police Board") requests that the Court dissolve or modify the Order it entered on October 14, 2004 ("the Order"). In support of its Motion, Defendant Police Board argues that the Order should be dissolved or modified for the following reasons: (1) the Order functions as a preliminary injunction without notice and opportunity for Defendants to present evidence; (2) the Order is a "follow the law" injunction, which is disfavored; (3) the Order is overbroad; and (4) circumstances have changed since the Order was

---

[1]Defendant City of St. Louis has joined in this Motion.

1

entered. Defendant Police Board requests that the Court vacate the Order as it relates to Defendant Police Board. In the alternative, Defendant Police Board requests that the Order be modified to apply to only the 13 named Plaintiffs and to be more narrow in scope, or that the Order be vacated and a preliminary injunction hearing scheduled. During the hearing on August 3, 2005, Defendant City of St. Louis orally joined Defendant Police Board's Motion. Plaintiffs oppose the Motion, arguing that: (1) the Police Board had a full and fair opportunity to oppose the request for an injunction; (2) the Order is satisfactorily specific; (3) the Order is not overbroad; (4) no new circumstances justify dissolving or modifying the Order. Plaintiffs also contend that the first three arguments raised by Defendants are not properly before the Court.

Under Rule of Civil Procedure 54(b), an order which adjudicates fewer than all of the claims "is subject to revision at any time before the entry of judgment." Thus, a district court has the power to modify or overturn an interlocutory order during the period of time that it remains interlocutory. *See, e.g.*, *Humble Oil & Refining Co. v. American Oil Co.*, 405 F.2d 803, 812 (8th Cir. 1969); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005); *Detroit Auto Dealers Ass'n, Inc. v. Fed. Trade Comm'n*, 84 F.3d 787, 789 (6th Cir. 1996). When considering a motion to modify or dissolve a preliminary injunction, a court must consider the basis for the motion. This is necessary because Federal Rule of Civil Procedure 59(e) mandates that any motion to alter or amend judgment be filed no later than ten days following entry of the judgment, and this time limit is applicable to motions for reconsideration of a preliminary injunction order. *Credit Suisse*, 400 F.3d at 1123 n.6. However, there is no time limit on a motion to modify or dissolve a preliminary injunction. *See id.* at 1124. Thus, "a motion that merely seeks to relitigate the issues underlying the original preliminary injunction order is subject to Rule 59(e)'s ten-day limit, while a motion that in

2

substance is based on new circumstances that have arisen after the district court granted the injunction may be filed at any time before entry of a final judgment." *Id.* at 1124. Therefore, an enjoined party who fails to appeal the entry of a preliminary injunction may not request that the issuing court dissolve the injunction on the basis of issues already decided at the time the injunction was entered; rather, any request to dissolve must be based on a subsequent change in circumstances. *Id.* at 1123-24; *see also American Optical Co. v. Rayex Corp.*, 394 F.2d 155, 155 (2d Cir. 1968) (affirming district court's refusal to vacate injunction; request to vacate was based on efforts to relitigate issues and not on change in circumstances).

An injunction may be dissolved upon a showing that circumstances have changed such that the original injunction would not have been properly issued had the facts been as they exist at the time the application for dissolution is made. *See Detroit Auto Dealers*, 84 F.3d at 789. When considering a request to dissolve a preliminary injunction, a court should be mindful that, in this district, "[t]he absence of irreparable harm is sufficient grounds for vacating a preliminary injunction." *Local Union No. 884, United Rubber, Cork, Linoleum, and Plastic Workers of Am. v. Bridgestone/Firestone, Inc.*, 61 F.3d 1347, 1355 (8th Cir. 1995) (internal quotation marks omitted).[2] When considering whether to modify a preliminary injunction, a district court may make changes to the injunction that are

---

[2]In *Local Union No. 884*, the Eighth Circuit's statement that a preliminary injunction may be vacated in the absence of irreparable harm was made in the context of setting forth a guideline for the appellate court's review of the district court's decision to issue an injunction. Though the procedural context found in *Local Union No. 884* differs from that of the instant case, the principle enunciated in *Local Union No. 884* is applicable. In essence, the Eighth Circuit determined that it would be compelled to vacate the previously awarded injunctive relief if it found an absence of irreparable harm. Just as the absence of irreparable harm constitutes a sufficient ground for an appellate court to vacate an injunction, the absence of irreparable harm likewise constitutes a sufficient ground for an issuing district court to dissolve a preliminary injunction.

equitable. Importantly, in making any modifications, "a district court is not bound by a strict standard of changed circumstances but is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or law, or for any other good reason." *Movie Sys., Inc. v. MAD Minneapolis Audio Dist.*, 717 F.2d 427, 430 (8th Cir. 1983); *see also Omaha Indemnity Co. v. Wining*, 949 F.2d 235, 239 (8th Cir. 1991) (court may strengthen previously issued preliminary injunction). In reviewing a district court's decision to dissolve or modify a preliminary injunction, the court of appeals will review the lower court's decision using an abuse of discretion standard. *See Omaha*, 949 F.2d at 238-39; *Movie Sys.*, 717 F.2d at 430.

Defendant Police Board's first three arguments in support of its contention that the Order should be dissolved or modified do not provide a basis upon which this Court can grant the relief requested. As Plaintiffs correctly point out, all Defendants were given ample opportunity to present evidence at the time the Order was issued; further, Defendants' complaints that the Order is essentially a "follow the law" injunction and that it is overbroad were litigated at the time the Order was issued. Defendants cannot now be permitted to relitigate the issues underlying the original Order. To be properly considered, those arguments should have been raised in a Rule 59(e) motion or on appeal. *See Credit Suisse*, 400 F.3d at 1123-24. Defendants did not file a motion to reconsider, nor did they appeal the Order. Thus, the Court will not consider these arguments as a basis for granting the requested relief.

Defendant Police Board's final argument is that circumstances have changed since the Order was entered such that relief is warranted.[3] A showing that there has been a change in circumstances

---

[3]Defendant City of St. Louis orally joined Defendant Police Board's Motion during the hearing on this matter. The Court does not have the benefit of briefing from Defendant City of St. Louis and is therefore unable to determine the basis or bases upon which that Defendant believes

4

can provide a basis upon which the Court can modify or dissolve the Order. Therefore, the Court will conduct an evidentiary hearing for the purpose of receiving evidence of the changed circumstances alleged by Defendants Police Board and City of St. Louis. After receiving said evidence, the Court will determine whether a change in circumstances necessitates modification or dissolution of the Order.

**II.     Motion for Leave to File Amended Complaint and for Joinder of Additional Parties**

Plaintiffs request leave to amend their Complaint and add additional parties. Specifically, Plaintiffs wish to add 13 additional plaintiffs and the Downtown St. Louis Community Improvement District, Inc., Downtown St. Louis Partnership, Inc., and individual officers of the St. Louis Police Department as additional defendants. In support of their Motion, Plaintiffs state that all of the claims by and against the new parties arise out of the same series of transactions or occurrences as those alleged in the original Complaint. Defendants oppose the Motion, arguing that the proposed Amended Complaint expands the nature and scope of the case so greatly as to render the current Amended Case Management Order unworkable. Defendants also state that there is no prejudice to the proposed new plaintiffs if they are not added to this case.

Even after a defendant has filed a responsive pleading to a plaintiff's complaint, the plaintiff "may amend . . . by leave of the court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

---

it is entitled to relief. For purposes of this Motion, the Court will presume that Defendant City of St. Louis also alleges that a change in circumstances warrants dissolution or modification of the Order.

5

[or] futility of amendment, . . . the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant or deny a motion to amend is within the trial court's discretion. *Id.* In determining whether to grant the motion, a court must consider the potential prejudice to the opposing party, and the burden to show such prejudice is on the party opposing the amendment. *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977). Any prejudice to the adverse party that might come about as a result of the motion being granted must be balanced against the hardship likely to be faced by the moving party if the motion is denied. *Buder v. Merrill Lynch*, 644 F.2d 690, 694 (8th Cir. 1981).

The circumstances of this case indicate that Plaintiffs' Motion should be granted. Plaintiffs' Motion was filed within the deadline set by the Court in the Amended Case Management Order for submissions of motions to amend pleadings or join parties. Moreover, the amendments arise out of the same transactions or occurrences giving rise to the claims asserted in the original Complaint.[4] Defendants Police Board and City of St. Louis have failed to meet their burden of demonstrating that Plaintiffs have engaged in undue delay, that the amendment is made in bad faith, or that Plaintiffs had a dilatory motive for making the amendment. Moreover, Defendants have failed to demonstrate that allowing the amendment would be prejudicial to their own interests. Thus, the Court will grant Plaintiffs' request for leave to file their Amended Complaint.[5]

---

[4] Defendant Police Board argues that the new claims are not part of the same transaction or occurrence giving rise to the original complaint. The Court finds this argument to be without merit. The added claims of which Defendant complains are alleged to have taken place during the time of the downtown event described in the original Complaint.

[5] Defendant Police Board argues that "[t]here is no good cause for the delay in naming the new plaintiffs." Mem. in Opp. at 9. Plaintiffs filed their Motion within the deadline set forth in the Amended Case Management Order; they are not required to demonstrate that they had "good cause" for bringing the Motion when they did.

Accordingly,

**IT IS HEREBY ORDERED** that an evidentiary hearing shall take place on September 2, 2005, at 10:00 a.m. for the purpose of receiving evidence of the changed circumstances alleged by Defendants Police Board and City of St. Louis in Defendant St. Louis Board of Police Commissioners' Motion to Dissolve or Modify Restraining Order [doc. #80].[6]

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Amended Complaint and for Joinder of Additional Parties [doc. #81] is **GRANTED**. Plaintiffs' First Amended Complaint is accepted for filing by this Court.

Dated this <u>8th</u> day of August, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[6]Defendant City of St. Louis has joined in this Motion.